NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1165


PERCIVAL FRANKLIN
VERSUS
ALLSTATE INSURANCE COMPANY, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20096859
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE


**********

J. DAVID PAINTER
JUDGE

**********


Court composed of John D. Saunders, J. David Painter, and David E. Chatelain*, Judges.

APPEAL DISMISSED.

**Percival Franklin**
**Post Office Box 308**
**Baker, LA 70704**
**(225) 810-7490**
**PLAINTIFF/APPELLANT:**
        **In Proper Person**

---

*Judge David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Tracey A. Biagas-Hill**
**Attorney at Law**
**400 East Kaliste Saloom Road, Suite 8400**
**Lafayette, LA 70508**
**(337) 291-1743**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Allstate Insurance Company**
    **Marcelin Mayfield**

PAINTER, Judge.

This court issued, *sua sponte*, a rule ordering the Plaintiff-Appellant, Percival Franklin, to show cause, by brief only, why the appeal in this matter should not be dismissed as untimely. Plaintiff filed a response to the rule. For the reasons given herein, we hereby dismiss the appeal.

Plaintiff, acting in proper person, filed suit seeking to recover damages for injuries which his minor child, Shakavon Thomas, allegedly sustained in an automobile accident. Defendants-Appellees, Allstate Insurance Company and Marcelin Mayfield, filed a dilatory exception of lack of procedural capacity and the peremptory exceptions of prescription and no cause of action. After conducting a contradictory hearing, the trial court signed a judgment on March 29, 2010, sustaining the exceptions. The notice of judgment was mailed to the parties on April 7, 2010. On May 24, 2010, Plaintiff filed a motion for new trial which was denied without a hearing on June 2, 2010. Notice of the judgment denying the motion for new trial was sent on June 7, 2010. On August 13, 2010, Plaintiff filed a motion for appeal. The trial court signed the order granting the appeal on August 17, 2010.

Upon the lodging of the appeal, this court issued the subject rule for the Plaintiff to show cause why the appeal should not be dismissed as untimely. In response to this court's order, Plaintiff takes the position that his appeal was timely under La.Code Civ.P. art. 2087 because it was filed within 58 days of the trial court's denial of his motion for new trial. Plaintiff contends that his motion for new trial was denied on June 7, 2010, and that his motion for appeal was filed on August 5, 2010. However, the record reveals that the motion for new trial was denied on June 2, 2010, and the notice of the denial was sent on June 7, 2010. The motion for appeal was filed on August 13, 2010.

2

Louisiana Code of Civil Procedure Article 1974 provides that "[t]he delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913." In situations wherein no motion for new trial has been timely filed, La.Code Civ.P. art. 2087(A)(1) provides that a devolutive appeal may be taken within sixty days after the expiration of the delay for applying for a new trial.

In the case at bar, the judgment at issue was signed on March 29, 2010, and the notice of judgment was mailed on April 7, 2010. While the delay for filing a motion for new trial expired on April 16, 2010, Plaintiff did not file his motion for new trial until May 24, 2010. Plaintiff appears to contend that he did not receive the notice of judgment until May 11, 2010. However, it is the mailing, and not the receipt, of the notice of judgment which triggers the appeal delay for filing a motion for new trial under La.Code Civ.P. art. 1974. Because Plaintiff's May 24, 2010 motion for new trial was filed more than seven days, exclusive of holidays, after the April 7, 2010 mailing of notice of judgment, we find that Plaintiff's motion for new trial was untimely under Article 1974. Since the motion was filed untimely, it did not suspend the appeal delays.

With no timely motion for new trial having been filed, La.Code Civ.P. art. 2087 provides that the 60-day delay for filing a devolutive appeal commences to run on the day after the expiration of the delay for filing a motion for new trial. Thus, the delay for filing a motion and order for a devolutive appeal expired on June 15, 2010, i.e., 60 days after the April 16, 2010 expiration of the delay for filing a motion for new trial. However, the record reflects that the motion and order for appeal were not filed

3

into the trial court's record until August 13, 2010.[1]  Therefore, we hereby dismiss this

appeal, at Plaintiff's cost, as untimely.

**APPEAL DISMISSED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.

---

[1]The Plaintiff states in his response to this court's rule that the motion for appeal was filed in the trial court on August 5, 2010.  However, the record filed in this court indicates that the motion for appeal was not filed into the trial court until August 13, 2010.  Thus, even if the motion for new trial had been filed timely, the appeal would still be untimely since the motion for appeal had to be filed in the trial court no later than August 6, 2010.